# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. 5:15-CV-133-RLV-DCK

| | |
|---|---|
| **TERRA RENEWAL SERVICES, INC.,** | **JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | |
| **VON DREHLE CORPORATION,** | |
| Defendant. | |

## PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

All parties to this action, by and through their respective undersigned counsel, hereby stipulate to and respectfully request that the Court enter the following Protective Order Regarding Confidential Information ("Order"), which the parties agree is necessary to safeguard the confidentiality of information and documents to be produced and disclosed in the course of discovery in this action:

1. This Order shall govern the conduct of the parties and their attorneys and agents with respect to all designated records of testimony given at any deposition in this action and all designated answers, documents, information, and other discovery materials produced by the parties or any third party, whether informally or in response to interrogatories, requests for admissions or requests for production of documents or subpoenas, now pending or hereafter served, and any information obtained, summarized, derived, or compiled from such materials (hereafter referred to as "Discovery Material").

2. Any party to this action, as well as any third party responding to a subpoena or any other properly served discovery request in this action who elects to be bound by this Order

1

(hereafter the "Designating Party"), shall have the right to designate as "CONFIDENTIAL INFORMATION" any Discovery Material as set forth below.

  3. <u>"CONFIDENTIAL INFORMATION"</u>

    a. Discovery Material may be designated as CONFIDENTIAL INFORMATION if it contains trade secrets, social security numbers, non-public financial information or non-public information concerning (i) processes, policies or practices; (ii) equipment; (iii) business operations; (iv) pricing; (v) contractual terms; (vi) costs, expenses, income, revenues or profits (vii) competitor or industry analyses; (viii) ongoing or future business plans, policies, practices, activities or strategies or (ix) any other non-public information which, if publicly disseminated, could harm or negatively affect the Designating Party's business.

    b. A Designating Party may designate any Discovery Material as CONFIDENTIAL INFORMATION and subject to this Order by:

      i. Stamping or inscribing on each page of the pertinent Discovery Material the word "CONFIDENTIAL"; or

      ii. So designating portions of a deposition transcript or deposition exhibits, either during the deposition or by written notice to all counsel of record within fifteen (15) calendar days after the court reporter sends the final transcript or written notice that the final transcript is available for review. Until the fifteen (15) calendar day period expires, all deposition transcripts shall be treated as CONFIDENTIAL INFORMATION;

c. Discovery Material designated as CONFIDENTIAL INFORMATION may be disclosed only to:

  i. Counsel of record to the parties in the action and other outside counsel to the parties who are retained with respect to this action;

  ii. The parties to this action and employees of the parties;

  iii. The Court, court staff, deposition and trial reporters and videographers, and any special masters, mediators, or referees that are either appointed by the Court or agreed to by the parties;

  iv. Independent consultants or experts retained by any party or employed by counsel in order to assist in preparation for any deposition, hearing, trial or appeal;

  v. Witnesses during the course of their preparation for or the taking of their depositions or testimony;

  vi. Any person who authored or previously received the Confidential Information, or who has knowledge of the specific facts identified in such materials;

  vii. Commercial photocopying services ordinarily used by counsel for the purpose of photocopying; and

  viii. Any other person to whom the Designating Party agrees in writing.

d. Copies of Discovery Materials designated as CONFIDENTIAL INFORMATION may be made by or for the persons identified in Paragraph 3(c), provided that all copies are appropriately marked and

treated as CONFIDENTIAL INFORMATION in accordance with this Order.

4. Discovery Material subject to the terms of this Order shall be used only for the purposes of this litigation, shall not be used for any business, competitive, or other legal purpose or function, and shall not be disclosed to anyone except as expressly permitted herein. However, nothing contained in this Order shall apply to any Designating Party's handling of its own CONFIDENTIAL INFORMATION.

5. A party seeking to file CONFIDENTIAL INFORMATION shall do so under seal.

6. Notwithstanding any other provisions of this Order, nothing in this Order shall prohibit counsel for a party from disclosing any document designated as CONFIDENTIAL INFORMATION to the person whom the document identifies as an author, addressee or recipient of such document or to a representative of the party who designated the document as confidential. Regardless of a CONFIDENTIAL INFORMATION designation under this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a third party or a person who is a potential witness, counsel may discuss such conduct or statements with such third party or witness, without revealing any portion of the document or testimony other than that which refers to such conduct or statement, and such discussion shall not constitute disclosure of CONFIDENTIAL INFORMATION within the terms of this Order.

7. A party may challenge any other party's designation of Discovery Material as CONFIDENTIAL INFORMATION by serving a written objection upon the Designating Party. The parties shall confer in good faith. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may file an appropriate application or motion with this Court, with the moving party seeking to file the portions constituting CONFIDENTIAL

INFORMATION *in camera*. In any such proceeding, the Designating Party shall bear the burden of demonstrating that the disputed designation is legally warranted. Until the parties or the Court finally resolves a dispute over the asserted designation, all parties and persons shall treat the information or materials in question as CONFIDENTIAL INFORMATION subject to this Order.

8. The procedures set forth in this Order shall not affect the rights of the parties to object to discovery on any appropriate grounds, nor shall they relieve a party of the necessity of proper responses to discovery devices.

9. Neither the taking of nor the failure to take any action to enforce the provision of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial of this action or any other action including but not limited to, any claim or defense that any information is or is not confidential or proprietary to any party or that such information embodies trade secrets of any party.

10. The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this action. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received CONFIDENTIAL INFORMATION hereunder shall at such persons' own option either return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party, or make commercially reasonable efforts to destroy all such material and copies thereof. Counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of such counsel, shall not disclose any CONFIDENTIAL INFORMATION contained in such documents except pursuant to court order or a written agreement with the designating party.

11. The use of CONFIDENTIALINFORMATION at trial is subject to further order of this Court.

12. The parties agree to be bound by the terms of this Order pending its entry by the Court, and any violation of its terms following the parties' stipulation hereto but before entry by the Court shall be subject to the same penalties as if the Order had been entered by the Court.

13. If any party is served with a subpoena or receives an order, process, or other legal compulsion issued in another action, proceeding, or matter that would compel disclosure of any CONFIDENTIAL INFORMATION (an "Other Demand"), such party must notify the Designating Party, in writing, immediately and in no event more than five business days after receiving the Other Demand. Such party also must immediately inform in writing the party who caused the Other Demand to issue that some or all of the material sought is the subject of this Order. If a party is otherwise required by law to disclose CONFIDENTIAL INFORMATION (excluding information designated as such solely by the party itself), the receiving party must notify the Designating Party, in writing, immediately and in no event more than five business days after receiving notice of such alleged duty.

14. If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or entity under any circumstances not authorized under this Order, such receiving party must immediately (a) notify the Designating Party of all such unauthorized disclosures or uses, (b) use its best efforts to retrieve all copies of the information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order. Nothing in this Paragraph in any way limits Designating Party's ability to seek immediate remedy and relief in the appropriate fashion, or in any way limits any receiving party's liability for unauthorized disclosure.

15. All parties acknowledge that, while each party is making appropriate efforts to identify and withhold from production any documents that such party believes are privileged or otherwise protected from disclosure, there is a possibility that privileged or otherwise protected material may be produced inadvertently. Accordingly, in order to facilitate the production of Discovery Material, the parties understand and agree that, to the extent that Discovery Material may include materials subject to the attorney-client privilege, work product doctrine or other applicable privilege or protection from disclosure, the inadvertent production of such Discovery Material shall not automatically waive its continued protection from disclosure. The parties further agree that, if a producing party at any time notifies each receiving party that any Discovery Material is subject to a claim of privilege or of other protection from disclosure, each receiving party shall return the specified information, testimony, or documents and any copies or summaries or extracts thereof such party has, to the producing party within five (5) business days of receipt of such notice or discovery and shall not review, use, or disclose such items for any purpose; provided, however, that such return shall not preclude the receiving party from seeking to compel production of the materials or from seeking an order that any applicable privilege has been waived. If such a motion is filed, the moving party may discuss the subject document so that the parties and the Court can appropriately address the factual and legal issues underlying the motion. However, the party filing such motion shall seek to have it filed in accordance with Paragraph 6 above. The fact that an inadvertent production of Discovery Material subject to a claim of privilege or otherwise protected from disclosure occurred, however, shall not be used by the parties or considered by the Court as evidence that any applicable privilege has been waived, unless the producing party fails to notify each party receiving such inadvertently produced Discovery Material within 90 days of being made aware of the inadvertent production.

**IT IS SO ORDERED**.

Signed: February 1, 2016

David C. Keesler
United States Magistrate Judge